# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40125
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL LONGORIA-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-709-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Longoria-Hernandez pled guilty to being an alien found unlawfully in the United States after deportation. Based on a total offense level of ten and a criminal history category IV, his advisory guidelines range of imprisonment was 15 to 21 months. The district court sentenced him to 21 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40125

On appeal, Longoria-Hernandez argues that the district court erred in assessing a criminal history point for his 2012 public intoxication conviction. He concedes that, because he failed to object to the criminal history point in the district court, this issue is reviewed only for plain error. To establish plain error, Longoria-Hernandez must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). The Government concedes that the addition of the criminal history point was clearly erroneous.

Longoria-Hernandez's pre-sentence report listed prior offenses that should have been totaled as eight criminal history points. The report, though, stated there were only seven. Seven criminal history points placed the defendant in criminal history category IV. Longoria-Hernandez recognizes in his reply brief that there were actually eight criminal history points. The erroneous addition of a point for his 2012 public intoxication does not affect his criminal history category because, despite that error, he still properly has seven points.

A sentencing error affects a defendant's substantial rights where there is a reasonable probability that the defendant would have received a more lenient sentence absent the error. *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). Longoria-Hernandez has not shown that reasonable probability. AFFIRMED.